UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KEITH VANGRAEFSCHEPE,

    Plaintiff,

v.

UNITED STATES OF AMERICA AND UNITED STATES DEPARTMENT OF AGRICULTURE,

    Defendants.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Keith Vangraefschepe ("Vangraefschepe"), by and through his counsel, James E. Dallner of Lorenzo Ekker Dallner, LLC, pursuant to 28 U.S.C. §2674, hereby states, alleges and avers as follows for his Complaint:

## I. PARTIES

1. Plaintiff Keith Vangraefschepe is a resident of Fort Morgan, Colorado.

2. Defendant United States of America ("USA"), acting by and through Defendant United States Department of Agriculture ("USDA"), owns and operates the United States Forest Service ("USFS") in Gunnison, Colorado.

3. The USDA and USFS are federal agencies and departments of the USA pursuant to 28 U.S.C. §2671.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(b)(1) and 28 U.S.C.§2671, *et seq.*

5. Venue is proper in this Court pursuant to 28 U.S.C. §1402(b) and 28 U.S.C. §2671, *et seq.*

6. On or about May 4, 2021, the Plaintiff's claim, in proper form and content and in accordance with federal law, was submitted to the USFS — the applicable federal agency — within two years after his claim accrued.

7. On or about November 4, 2021, the USFS issued a final denial of the Plaintiff's claim.

8. Pursuant to 28 U.S.C. §2675, the Plaintiff now files this action in the United States District Court following receipt of the letter of final denial from the USFS. This action is being filed within six months of the issuance of the USFS's denial.

9. Plaintiff has exhausted his administrative remedies and is entitled to bring this action pursuant to 28 U.S.C. §2675, *et seq.*

## III. GENERAL ALLEGATIONS

10. Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if more fully set forth herein.

11. On or about May 28, 2019, Vangraefschepe was riding his horse up Flattop Mountain near 7913 County Road 730, Gunnison, Colorado ("the Property") in an area owned and maintained by the USFS.

12. The Property is owned and controlled by the USA and USDA.

13. As is set forth in C.R.S. § 13-21-115(1), the USA and USDA, acting by and through its USFS, are a landowner of this Property.

14. As the landowner and entity in possession of the real Property, the USA and USDA are legally responsible for the condition of the real Property and for the activities conducted thereon, and/or for the circumstance existing on the real Property.

15. Shortly after Vangraefschepe began his horseback ride, his horse stepped into the rolled-up wire gate that was left on the ground. The gate was covered in trash/brush. His horse threw him, and he landed on his right shoulder and right arm causing serious injuries.

16. Upon information and belief, the USFS replaced the wire gate in the area of the Property with a metal gate and left the wire gate on the ground.

17. The USA and USDA acting by and through its federal agency USFS, owed Vangraefschepe a statutory duty pursuant to C.R.S. § 13-21-115 to ensure that there were no dangerous conditions on property it owns.

18. At the time Vangraefschepe was injured, the USA and USDA breached their statutory duty as set forth in C.R.S. § 13-21-115.

19. The wire gate left on the ground was a danger on the Property owned by USA and USDA, acting by and through ifs federal agency the USFS.

20. The USA and USDA, acting by and through its federal agency the USFS, owed a non-delegable duty to ensure that there were no dangerous conditions on its property, particularly on the Property that is well known to be used by residents and visitors to the USFS.

21. Upon information and belief, the USA and USDA, acting by and through its federal agency USFS, knew of the existence of the wire gate left on the ground on the Property

3

that severely injured Vangraefschepe and failed to act despite knowing that that the wire gate was likely to cause harm.

22. By allowing the wire gate to remain on the ground on the Property, the USA and USDA unreasonably failed to exercise reasonable care to protect against dangers of which it actually knew or should have known existed on its Property.

23. At the time that Plaintiff Vangraefschepe was injured, he was an "invitee" of the USA, USDA and USFS as defined by C.R.S. § 13-21-115. Vangraefschepe entered or remained on the Property referenced above in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

24. The USA and USDA owed a statutory duty to Vangraefschepe to exercise reasonable care to protect Vangraefschepe from known dangers.

25. The USA and USDA failed to exercise reasonable care to protect against known in violation of C.R.S. § 13-21-115.

25. In the event that Vangraefschepe is not found to be an invitee pursuant to C.R.S. § 13-21-115 then, at a minimum, Vangraefschepe is a licensee and the USA and USDA breached its statutory duty to him as set forth by statute.

26. As the direct and proximate result of the actions and omissions of the USA and USDA, Plaintiff Vangraefschepe was severely injured.

27. Plaintiff, Vangraefschepe received injuries including, but not limited to:

    a. Fractures of the right scapula, right clavicle and broken ribs.

    b. Reconstruction surgery for the right clavicle and scapula.

    c. Physical Therapy for constant pain and stiffness.

    d.   Pain and suffering.

    e.   Loss of enjoyment of life.

    f.   Emotion distress.

    g.   Other economic and non-economic damages not yet fully determined.

    h.   Medical bills past and future.

    i.   Lost income.

    j.   Lost earning capacity.

    k.   Permanent impairment.

    l.   Permanent disfigurement.

28.    As the direct and proximate result of the conduct of the USA and USDA, Plaintiff Vangraefschepe received injuries and incurred damages and losses in an amount to be determined at trial.

## IV. FIRST CLAIM FOR RELIEF

Premises Liability

29.    Plaintiff incorporates and realleges by this reference all other paragraphs of this Complaint as if more fully set forth herein.

30.    With regard to the Property on which Plaintiff Vangraefschepe was injured, the USA and USDA are a "landowner" as that term is defined by C.R.S. § 13-21-115(1).

31.    The USA and USDA owed a statutory duty to Vangraefschepe as a landowner pursuant to C.R.S. § 13-21-115.

32.    At the time Vangraefschepe was injured, the USA and USDA breached their statutory duty to him as set forth in C.R.S. § 13-21-115.

33.     The USA and USDA are liable to the Plaintiff Vangraefschepe in this action to C.R.S. § 13-21-115.  Vangraefschepe sustained damages and losses as further described herein and in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

That Plaintiff be awarded all reasonable damages to make him whole from the injuries, damages and losses suffered as a result of the wrong-doing of the Defendants, including both economic and non-economic damages; that Plaintiff be awarded pre and post-judgment interest as allowed by law; that Plaintiff be awarded reasonable costs and fees for the prosecution of this action as allowed by law; attorney's fees as allowed by law, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this 2nd day of May, 2022.


Respectfully submitted,

**Lorenzo Ekker Dallner, LLC**

By: s/ James E. Dallner
    James E. Dallner
    LORENZO, EKKER, DALLNER, LLC
    9145 E. Kenyon Ave., Suite 301
    Denver, CO  80237
    Telephone:  (720) 543-7735
    Email:  jdallner@ledlegal.com

Attorneys for Plaintiff Keith Vangraefschepe